IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 01-00382 REJ |
| | ) | |
| v. | ) | ORDER ON REMAND |
| | ) | |
| LUIS C. DOMINGO, | ) | |
| a.k.a. "Luis Frances Domingo"; | ) | |
| | ) | |
| Defendant. | ) | |

On October 31, 2005, the Ninth Circuit Court of Appeals remanded this case for a determination under United States v. Ameline, 409 F.3d 1073, 1083 (9th Cir. 2005), as to whether this court would have imposed a materially different sentence if the United States Sentencing Guidelines ("Guidelines") were advisory and not mandatory. Accordingly, on remand, I have considered defendant Luis C. Domingo's original sentence with the understanding that the Guidelines are now advisory and not presumptively correct, but rather are "*one factor* to be considered when selecting the most appropriate sentence for a particular defendant." See United States v. Zavala, 443 F.3d 1165, 1170-71 (9th Cir. Apr. 11, 2006) (emphasis in original).

Based on the factors provided in 18 U.S.C. § 3553(a), the advisory Guidelines, the evidence in the record as originally submitted, together with the supplemental sentencing memoranda submitted by the parties and the arguments of counsel presented at the April 25, 2006, hearing, I have decided to adhere to the sentence that I previously imposed upon Domingo.

Following a jury trial at which Domingo was found guilty of one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (Count 2) and seven counts of aiding and abetting in the possession with intent to distribute methamphetamine (Counts 10 through 16), I sentenced Domingo to twenty years' imprisonment as to Count 2, and five years' imprisonment as to each of Counts 10 through 16, all to be served concurrently with Count 2.[1]  (Judgment, Oct. 9, 2002 (# 297)).  In addition, I sentenced Domingo to a five-year term of supervised release for each of the eight counts, to run concurrently with each other.  (Id.) There is no doubt that Domingo was the "First Lieutenant" for co-defendant Packward "Pupi" Toelupe in a massive drug operation, that he was actively engaged in the production, washing, and distribution of crystal methamphetamine, and that his actions played a material part in the overall crime scheme that polluted the Hawaiian islands with epidemic methamphetamine abuse. In support of my determination that Domingo's sentence would not be materially different had the Guidelines been deemed advisory, I reiterate and incorporate by reference the findings I made at the time of Domingo's original sentencing.[2]  (*See* Findings of Fact Order, Oct. 10, 2002 (# 301)).

---

[1]   I note that the 240-month prison term I imposed upon Domingo falls squarely within the applicable Guidelines range of 235 - 293 months.

[2]   Despite Domingo's continuing challenge to my consideration of the approximately 26 pounds of methamphetamine recovered from two storage locations, I again find that even though he was acquitted of the charge for this conduct, it remains relevant to my sentencing determination not only for the purposes of the Guidelines calculations, but also in arriving at an appropriate sentence under 18 U.S.C. § 3553(a).  *See* United States v. Watts, 519 U.S. 148, 157 (1997); *and see* United States v. Domingo, 101 Fed. Appx. 686, 691-92 (9th Cir. 2004) (affirming consideration of additional methamphetamine as relevant conduct).  Although Domingo urges this court to find otherwise, the law on this point has not changed as of the date of this Order.

PAGE 2 - ORDER ON REMAND

In light of the factors set forth in 18 U.S.C. § 3553(a), I conclude that Domingo's original sentence is "sufficient, but not greater than necessary." I find further that there is no need for a full resentencing hearing, because I would not have exercised my discretion to impose a materially different sentence had I been free to view the Guidelines as advisory when I initially sentenced Domingo. Accordingly, I conclude that it is not necessary to conduct any further sentencing proceedings or to amend the original Judgment of Conviction in any manner.

IT IS SO ORDERED.

DATED this 30th day of May, 2006.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge